No. 12602

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

MARTHA GAUNCE,

Plaintiff and Appellant,

-vs-

BOARD OF LABOR APPEALS, EMPLOYMENT
SECURITY DIVISION, MONTANA STATE DEPARTMENT
OF LABOR AND INDUSTRY, and HOLLY SUGAR
CORPORATION,

Defendants and Respondents.

Appeal from: District Court of the Seventh Judicial District,
Honorable L. C. Gulbrandson, Judge presiding.

Counsel of Record:

For Appellant:

Robert L. Stephens, Jr. argued, Billings, Montana

For Respondents:

Moody Brickett argued, Helena, Montana

Submitted: May 22, 1974

Decided: JUL 1 8 1974

Filed: JUL 1 8 1974

Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal from a final judgment adverse to plaintiff from the district court of the seventh judicial district, county of Richland, Hon. L. C. Gulbrandson sitting without a jury. The case concerns plaintiff's discharge from employment by the Holly Sugar Corporation and an adverse ruling on plaintiff's appeal to the Montana State Department of Labor and Industry.

Plaintiff, Martha Gaunce, was discharged from her job as a clerk with the Holly Sugar Corporation in Sidney, Montana, on September 29, 1971. The reason given for termination was insubordination, refusing to stay overtime to finish work and refusing to break in a part time worker for relief.

Plaintiff made claim for unemployment compensation benefits on November 7, 1971. An initial determination was made on November 19, 1971 by a deputy claims examiner that the charges made by the employer on the termination slip were misconduct under section 87-106(b)(1), R.C.M. 1947, resulting in partial disqualification for unemployment compensation, for a period of not less than two nor more than nine weeks.

Plaintiff requested a hearing on appeal from the initial determination. The Montana Employment Security Commission Appeals Tribunal heard testimony on December 16, 1971 in Sidney, and rendered its Decision Number 9009 on December 27, 1971, sustaining the claims examiner.

Plaintiff then appealed to the State Board of Labor Appeals and following a hearing de novo the Board sustained the Montana Employment Security Commission ruling. The case was then taken to the district court and from an adverse judgment of that court, plaintiff now appeals to this Court.

Section 87-108(d), R.C.M. 1947, limits judicial review in this language:

" * * * In any judicial proceeding under this
section, findings of the commission as to the
facts, if supported by evidence and in the absence
of fraud, shall be conclusive, and the jurisdiction
of said court shall be confined to questions of
law. * * *"

In Jordan v. Craighead, 114 Mont. 337, 136 P.2d 526, this
Court held that whether there is substantial evidence to sustain
the Commission findings is a question of law. That substantial
evidence is not a mere scintilla but such relevant evidence as a
reasonable mind might accept as adequate to support a conclusion.

The only issue to be reviewed by this Court then is: Is
there "substantial evidence" to support the findings of the Board
and the district court? If so, does this constitute "misconduct"?

Section 87-106, R.C.M. 1947, limits benefits to persons
discharged:

"(1) For misconduct connected with his work, or
affecting his employment * * *."

Plaintiff makes an extended argument as to what charges
of misconduct are legally before this Court. We need not concern
ourselves with other than the findings and conclusions of the
Board of Labor Appeals after its hearing de novo and the findings
of the district court. Section 87-108(a), R.C.M. 1947. From
the very inception of this matter the termination slip designated
insubordination, refusing to work overtime and refusing to break
in a part time worker for relief. The Board of Labor Appeals in
more detail and including related matters found the same three
areas of fact to be sustained. The district court in its find-
ing of fact No. III found there was a failure to cooperate with
her employer in training a new employee; which finding in respect
to plaintiff's attitude would imply insubordination. Finding of
fact No. IV and No. V fairly find refusal to work overtime. It
would be fair to conclude that refusal to train a new employee
and refusal to work overtime are properly before this Court for

- 3 -

review inasmuch as proof of either would constitute at least an insubordinate attitude.

Several cases have been cited to us demonstrating misconduct which include refusal to work overtime: Davis v. Unemployment Comp. Bd. of Review, 187 Pa.Super. 116, 144 A.2d 452; Wilsey v. Unemployment Compensation Bd. of Rev., 169 Pa.Super. 368, 82 A.2d 503; Sampson v. Doyal, (La. 1968), 215 So.2d 149; and refusal to train a fellow worker: Otto v. Unemployment Compensation Bd. of Review, 189 Pa.Super. 489, 151 A.2d 795.

Both parties agree the definition of misconduct in Boynton Cab Co. v. Neubeck, 237 Wis. 249, 296 N.W. 636 is accurate. That definition is summarized in the Anno. at 26 ALR3d 1356, 1359 as:

> "(1) a deliberate, wilful, or wanton disregard
> of an employer's interests or of the standards
> of behavior which he has a right to expect of
> his employee, or (2) carelessness or negligence
> of such a degree or recurrence as to manifest
> equal culpability, wrongful intent, or evil
> design."

We therefore conclude the acts complained of here, if substantiated, would constitute simple misconduct under section 87-106, R.C.M. 1947.

Plaintiff extracts testimony from the record and in an exercise in semantics demonstrates that Mr. Nigro, plaintiff's supervisor, never unequivocally asked plaintiff to train the new employee and she never really refused, but did not actively participate in the training. This kind of reasoning would be proper before the Board but here we are not allowed to examine the evidence in the light of it being susceptible to different inferences or logic or whether plaintiff remaining silent or merely shaking her head during a discussion with management meant anything at all.

It is also clear that even where the evidence is not in substantial dispute yet if different inferences may be drawn from such evidence it is within the proper province of the Commission

to determine which inferences should be drawn and inferences so drawn are conclusive and binding on the reviewing court.

A careful examination of the entire record reveals the hearing was fairly and informally held. Plaintiff was allowed to answer allegations and cross-examine during the testimony of each witness and/or give additional clarifying information. There was unequivocal testimony by Mr. Murdock of the Holly Sugar Corporation as to the refusal to train the new girl and the refusal to work overtime. Mr. Nigro was not as forceful, but his testimony was to the same effect.

Plaintiff denies some of the allegations and admits but excuses others on the basis of "this was not my job" or in regard to training "since I had been told by Mr. Smith, I told her to go see Mr. Smith." However, during Mr. Murdock's testimony she did admit she refused his request to train the new employee to operate the addressograph-multigraph machine. These are but a few examples to demonstrate that the record reviewed as a whole, irregardless of conflicting testimony, does contain sufficient competent and substantial evidence if believed by the Board to sustain the findings.

The judgment of the district court is affirmed.

We Concur:

_____
Chief Justice

_____
_____
_____
Justices

Justice

- 5 -