WESLEY ABRAMSON v. YELLOW
TAXI COMPANY OF MINNEAPOLIS.
DEPARTMENT OF EMPLOYMENT SERVICES, RESPONDENT.

242 N. W. 2d 77.

April 16, 1976—No. 45826.

*Larkin, Hoffman, Daly & Lindgren* and *Robert J. Hennessey*, for relator.

*Warren Spannaus*, Attorney General, *Peter W. Sipkins*, Solicitor General, *Peter C. Andrews*, Assistant Attorney General, and *Louis K. Robards*, Special Assistant Attorney General, for respondent commissioner.

454

Per Curiam.

Writ of certiorari upon the relation of the employer to review a decision of the commissioner of employment services. The issue is whether claimant should be temporarily disqualified from receiving unemployment compensation benefits on the ground that his discharge was for "misconduct" within the meaning of Minn. St. 268.09, subd. 1(1). The commissioner, reversing the appeal tribunal, held that claimant was not subject to any disqualification from receiving benefits. We affirm.

The commissioner found that employer discharged claimant from his job as a taxicab driver basically for his failure to report a flat-rate trip on his trip sheet and that claimant's failure to report that trip was not deliberate or willful but was the result of ordinary negligence or inadvertence. We believe that the evidence justifies these findings, and the findings justify the conclusion that claimant was not disqualified for "misconduct," that is, conduct evincing a willful or wanton disregard for the employer's interests or conduct demonstrating a lack of concern by the employee for his job. See, Tilseth v. Midwest Lbr. Co. 295 Minn. 372, 204 N. W. 2d 644 (1973).

Affirmed.