## 21701

Steve W. LEE, Appellant, v. SOUTH CAROLINA EMPLOYMENT SECURITY COMMISSION and Cullum Mechanical Construction, Incorporated, Charleston, South Carolina, Respondents.

(291 S. E. (2d) 378)

*Karen A. Peterson, Sr. Staff Atty., Neighborhood Legal Assistance Program, Inc.,* Charleston, *for appellant.*

*William H. Griffin* and *Karl H. Smith,* Columbia, and *William S. Barr,* Charleston, *for respondents.*

April 27, 1982.

NESS, Justice:

This appeal is to determine appellant Lee's entitlement to employment compensation. The single commissioner, full commission, and circuit court agreed Lee was discharged for cause connected with his work pursuant to § 41-35-120(2), S. C. Code of Laws, (1976), and thus disqualified from receiving benefits. We affirm.

Appellant contends the commission and lower court erred in defining the term "misconduct." Lee argues that "misconduct" mandates some wilful or deliberate act. We disagree with appellant.

Section 41-35-120(2) provides:

"Any insured worker shall be ineligible for benefits:

(2) *Discharge for misconduct.*—If the Commission finds that he has been discharged for misconduct connected with his most recent work prior to filing a request for initiation of a claim series within an established benefit year, with such ineligibility beginning with the effective date of such request, and continuing not less than five nor more than the next twenty-six consecutive weeks (in addition to the waiting period), as determined by the Commission in each case according to the seriousness of the misconduct, and if the Commission finds that the *misconduct for which the insured worker was discharged was aggravated it may in its discretion cause* to be charged against the benefits to which the insured worker is entitled under Section 41-35-50 an amount not to exceed his weekly benefit amount multiplied by the number of weeks of his disqualification. *Provided, no charge of misconduct shall be made for failure to meet production requirements unless such failure is occasioned by wilful failure or neglect of duty.* (Emphasis added).

An examination of the statute shows "misconduct" includes aggravated misconduct and "wilful failure or neglect of duty." Further the statute infers degrees of misconduct by providing for discretionary lengths of ineligibility to be imposed based upon whether or not the "misconduct . . . was aggravated."

Thus, we conclude the general assembly did not intend the "misconduct" mandated an aggravated or willful failure.

In determining the meaning of the term "misconduct" we must look to the general purpose of the act. *Stone Mfg. Company v. S. C. Employment Security Commission, et al.,* 219 S. C. 239, 64 S. E. (2d) 644 (1951).

Section 41-27-20, S. C. Code of Laws (1976), provides:

"The General Assembly therefore declares that in its considered judgment the public good and the general welfare of the citizens of this State require the enactment of this measure, under the police powers of the State, for the compulsory setting aside of unemployment reserves to be used *for the benefit of persons unemployed through no fault of their own.*" (Emphasis added).

In *Stone, supra,* we held the term "fault" is not limited to something that is blameworthy, culpable of wrong and that "'fault' must be construed as meaning failure of volition." 219 S. C. at 246-247, 64 S. E. (2d)

The appellant argues the commission erred in considering "fault" when determining eligibility for unemployment compensation. We disagree, as it was clearly the intent of the legislature that persons unemployed due to their own fault be penalized in some manner from receiving benefits.

A review of cases generally indicates "misconduct" includes (1) the wanton and wilful disregard of the employer's interests; (2) the deliberate violation of rules; (3) the disregard of the standard of behavior which an employer can rightfully expect from an employee; or (4) intentional and substantial negligent disregard for the employee's interests, duties or obligations.*Pettey v. Unemployment Compensation Board of Review,* 15 Pa. Cmwlth. 157, 325 A. (2d) 642 (1974); *Continental Oil Co. v. Board of Review of the Industrial Commission,* 568 P. (2d) 727 (Utah 1977); *Boynton Cab Company v. Neubeck, et al.,* 237 Wis. 249, 296 N. W. 636 (1941); *Maywood Glass Company v. Stewart,* 170 Cal. App. (2d) 719, 339 P. (2d) 947 (1959); *Gaunce v. Board of Labor Appeals,* 164 Mont. 445, 524 P. (2d) 1108 (1974); *Abramson v. Yellow Taxi Company,*

308 Minn. 453, 242 N. W. (2d) 77 (1976); *Employment Security Board v. LeCates*, 218 Md. 202, 145 A. (2d) 840 (1958); *Castillo v. Florida Department of Commerce*, 253 So. (2d) 162 (Fla. App. 1971).

The record shows the direct consequences of appellant's acts or omissions were causing losses to the employer in having to re-do appellant's work. There was no error in the commission's application of "misconduct."

Appellant's remaining exceptions are without merit and dismissed pursuant to Rule 23 of the Rules of Practice of this Court.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.