MR. JUSTICE SHEEHY
dissenting:
I dissent. The majority opinion contains an inadequate examination of the record in this cause, and that inadequacy has lead the court into error.
Here are the facts from the record as I find them:
On June 2, 1982, Vern Greenwood applied to the Department of Labor and Industry, Unemployment Insurance Division, for unemployment insurance benefits following the termination of his employment by Dick Irvin, Inc.
On June 4, 1982, Dick Irvin, Inc., objected in writing to the payment of unemployment insurance benefits to Greenwood, listing the following grounds:
1. Greenwood was dispatched from Shelby, Montana to Los Angeles, California, but went off-route to Billings, using additional mileage of 409 miles.
2. Greenwood failed to call in as he was told to do regarding permits for travel with an oversized load in Texas and the company incurred $976 for delivery a day late.
3. An accident in Houston, where Greenwood ran into a car.
4. The loss of a front wheel on the truck because Greenwood failed to check the oil level in the hub.
5. Greenwood poked a hole in the sideboard of a trailer through his neglect through the use of a forklift, and bent *344 the back of the trailer, hitting a dock.
These are the five and only reasons assigned by Dick Irvin, Inc. in its letter of June 4,1982, objecting to the payment of benefits. No claim was made in that letter by Dick Irvin, Inc., that Greenwood was discharged because of an accident which occurred in Casper, Wyoming.
Because Dick Irvin, Inc., had filed an objection to payment of the benefits, Greenwood’s claim was assigned to a hearing examiner of the Department of Labor for determination pursuant to Section 39-51-2402, MCA. That examiner, P. Hyatt, determined on June 14, 1982 that Greenwood was not disqualified. The examiner’s findings stated: “You were discharged because it is contended that you caused damage to property owned by the employer. The evidence in the record does not establish your actions to have been willful or intentional. You were discharged for reasons other than misconduct connected with the work.”
On that basis, Greenwood was entitled to his unemployment insurance benefits.
However, Dick Irvin, Inc., filed a protest on June 1, 1982. A redetermination was refused on June 22, 1982, because the Department “had received no additional information on which to base the redetermination.”
Dick Irvin, Inc., appealed from the determination made under Section 39-51-2402, supra. Such an appeal goes to an appeals referee under the provisions of Section 39-51-2403, MCA. The appeals referee was Rodney G. Stebbins. He conducted a telephone hearing on June 30, 1982, and based on that hearing made the following findings of fact:
“The claimant was employed as a truck driver by the above-named employer for about 14 months. He was paid on the basis of 16 V2 cents per mile.
“Without authorization on April 19, 1981, he drove the truck several hundred miles out of the way to visit his wife. During the course of his employment, he was involved in two accidents in which he was found to be at fault and which resulted in $2,650 in damages. The last accident oc *345 curred on May 23, 1982. As the result of the above infractions, he was discharged on May 29, 1982.”
Note that Stebbins included in his findings the accident which occurred in Casper, Wyoming, that on May 23, 1982. Based on his findings, Stebbins found that Greenwood’s “conduct showed a deliberate disregard of the employer’s interests and of the standards of behavior the employer had a right to expect of him as an employee.” Therefore, Stebbins held that Greenwood was discharged for misconduct connected with his work which directly affected his employment. The appeals referee therefore made a finding in favor of the employer, and against Greenwood, but upon only three grounds: (1) The driving off-route, (2) the accident in Texas, and (3) the accident in Casper, Wyoming.
Greenwood appealed on July 2, 1982, from the decision of the appeals referee. That appeal went to the Board of Labor Appeals under Section 39-51-2404, MCA.
The Board of Labor Appeals is a quasi-judicial board. Section 39-51-310, MCA. As such, it may consider not only the record made before the appeals referee but new evidence produced at the board hearing. City of Billings v. Board of Labor Appeals (Mont. 1983), [204 Mont. 38,] 663 P.2d 1167, 40 St.Rep. 648, 651. The Board of Labor Appeals conducted a hearing at which Greenwood attended personally, and Dick Irvin, Inc., participated through the telephone.
After the hearing, the Board of Labor Appeals made its decision on August 30, 1982. In that decision, the Board of Labor Appeals decided not to expand on the grounds on which the appeals referee had decided. Instead, it took the three grounds on which the appeals referee had made its decision, and refuted the same as reported in the majority opinion. It was not necessary for the Board of Labor Appeals to go into other matters because the issues before it on the reasons for termination of Greenwood were limited by the appeals referee in his decision.
Notably, the effect of the majority decision now is to tell the Board of Labor Appeals to go beyond what was *346 presented to it in the appeal from the appeals referee, and make factual findings on other issues not decided by the appeals referee, including one issue, the Casper, Wyoming, accident that was not raised by the employer in his initial report to the Unemployment Compensation Division.
Dick Irvin, Inc., appealed the adverse decision of the Board of Labor Appeals to the District Court. In contrast to the broad appellate power of the Board of Labor Appeals provided in Section 39-51-2404, MCA, the appellate power of the District Court and of this Court, is severely limited under Section 39-51-2410, MCA, when considering appeals from the Board of Labor Appeals. The latter section provides that the findings of the Board as to facts, if supported by the evidence and in the absence of fraud are conclusive, and the jurisdiction of the District Court is confined to questions of law.
In my opinion, the findings of the Board of Labor Appeals as to the facts, that is the three issues decided by the Board of Labor Appeals, are supported by the evidence, and neither the District Court nor this court has any power to overturn them. The jurisdiction of the District Court is limited in this case to questions of law, and it exceeded its jurisdiction in this case when it purported to go beyond the factual issues that had been presented to the Board of Labor Appeals through the appellate process in the Department of Labor.
In like manner, now that the appeal has reached this Court, under Section 39-51-2410, MCA, where we are reviewing what was done in the District Court, we are likewise limited to the findings of the Board as to facts, and if they are supported by the evidence, they are conclusive and our jurisdiction is confined to questions of law. Section 39-51-2410.
The majority opinion does not discuss, although it is crucial to the case, what must be established by an employer who seeks to prevent a terminated employee from receiving unemployment compensation benefits. Here it is claimed *347 that Greenwood was disqualified from benefits under Section 39-51-2303, MCA, in that he had been discharged for misconduct connected with his work or affecting his employment. This Court has defined what is meant by such misconduct in Gaunce v. Board of Labor Appeals (1974), 164 Mont. 445, 524 P.2d 1108. It is:
“(1) A deliberate, willful or wanton disregard of an employer’s interests or of the standards of behavior which he has a right to expect of his employer, or
“(2) Carelessness or negligence of such a degree or recurrence as to manifest equal culpability, wrongful intent, or evil design.”
Instead of determining that the Board of Labor Appeals should now look at issues which were not presented to it by the appeals referee, this Court should examine the findings of fact made by the Board and determine as a question of law whether they constitute misconduct as we have defined it in Gaunce.
The facts on the whole record are, with respect to those findings, that Greenwood went off-route more than a year prior to his termination by driving to Billings. That he had two traffic accidents in the handling of his truck, one of which was not ascribed as a reason for his termination by the employer. On the whole record, the Board of Labor Appeals was correct in determining that as a matter of law the grounds used by the appeals referee to refuse benefits did not constitute misconduct in that there is no showing of deliberateness, willfulness, or wantonness in the acts of the employee. I find that as a matter of law. Therefore, I would reverse the District Court, and reinstate the findings of the Board of Labor Appeals, without any further folderol.