**Duane N. FRESONKE, Relator,**

v.

**ST. MARY'S HOSPITAL, Department of Economic Security, Respondents.**

No. C9–84–1897.

Court of Appeals of Minnesota.

Feb. 26, 1985.

Jeffrey W. Jacobs, Minneapolis, for Duane N. Fresonke.

Dennis J. Merley, St. Paul, for St. Mary's Hosp.

Regina M. Chu, Sp. Asst. Atty. Gen., St. Paul, for Department of Economic Sec.

Considered and decided by POPOVICH, C.J., and PARKER and FOLEY, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

Claimant Duane N. Fresonke appeals the determination of the Commissioner of Economic Security that he was terminated from his employment for misconduct and was disqualified from the receipt of unemployment compensation benefits pursuant to Minn.Stat. § 268.09, subd. 1(2) (Supp. 1983).

## FACTS

Relator Fresonke was employed by St. Mary's Hospital as an Environmental Services Aide in the hospital's laundry from August 28, 1982 until his discharge on November 3, 1983.

On October 6, 1983, Fresonke orally requested a medical leave of absence for problems relating to an allergy. Relator's supervisor, Charles Becker, granted the leave with a projected return to work on or about October 18, 1983.

Relator failed to return to work on October 18 and Becker contacted the employer's Health Services Nurse, Karen Miller. Miller telephoned relator to inquire about his failure to return to work and was informed that relator still suffered from symptoms of his allergy.

Miller contacted relator's personal physician, Dr. Blumenthal, on October 28. Blumenthal advised Miller that Fresonke was able to return to work. Miller relayed that information to Becker. Becker then contacted Fresonke, informed him of Blumenthal's clearance to return to work, and directed him to report to work on Monday, October 31, 1983.

Relator did not return to work as directed. He had not recently spoken with his doctor and believed he was still under doctor's orders to not return to work. Fresonke appeared for a doctor's appointment on November 1 and was told he could return to work on November 7. On November 7, 1983, he received from his physician a written clearance to return to work.

Although Fresonke did not appear for work on October 31, he did visit the hospital at approximately 3:00 p.m. He spoke with a personnel representative and told her that he was still having medical problems but, although she referred him to his supervisor, Fresonke did not contact him. He did not speak with Becker or Miller that day or try to contact them by phone before November 7. Relator admitted that he failed to tell anyone at the hospital until November 7 that he would not be coming immediately to work. On November 3, having heard nothing from Fresonke, respondent St. Mary's terminated his employment.

## ISSUE

Was relator Fresonke discharged for reasons of misconduct and is he therefore disqualified from the receipt of unemployment compensation benefits pursuant to Minn.Stat. § 268.09, subd. 1(2) (Supp.1983)?

## ANALYSIS

This court's scope of review is limited. In an economic security case:

> The narrow standard of review requires that findings be reviewed in the light most favorable to the decision, and if there is evidence reasonably tending to sustain them, they will not be disturbed.

*White v. Metropolitan Medical Center,* 332 N.W.2d 25, 26 (Minn.1983).

We agree with relator Fresonke that the circumstances surrounding his termination evince a lack of communication between Fresonke and his employer. We do not agree that this problem in communication absolves Fresonke of his duty to keep his employer informed of his medical status.

Fresonke argues that he was on indefinite medical leave and that he cannot be guilty of violating the work procedures because there was no set procedure for a return to work. This argument ignores the fact that he was ordered to return to work on the 31st and that the medical leave had ended.

Relator was terminated for complete disregard of his supervisor's directive that he return to work and pursuant to the employer's personnel handbook which states:

> Absence from work for three (3) days without approval (or excuse) is considered a voluntary termination.

Here, Fresonke was ordered to return to work on October 31st. Although he believed he was under instructions from his physician to not return to work, he did not communicate these instructions to his employer and merely returned to work on the later date on which he was cleared by his physician. The employer had no knowledge of Fresonke's latest instructions from his physician and knew only that he was absent without leave.

Minn.Stat. § 268.09 provides that an individual separated from employment for misconduct shall be disqualified from receiving unemployment compensation benefits. The term "misconduct" has been defined by the Minnesota Supreme Court:

> The intended meaning of the term "misconduct" is limited to conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which an employer has a right to expect of its employees or in carelessness or negligence of such a degree or recurrence as to manifest equal culpability, wrongful intent or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.

*Tilseth v. Midwest Lumber Co.,* 295 Minn. 372, 374–75, 204 N.W.2d 644, 646 (1973).

This definition of misconduct has since been interpreted to include conduct demonstrating a lack of concern by the employee

for retaining his job. *See, e.g., Feia v. St. Cloud State College,* 244 N.W.2d 635 (Minn.1976); *Abramson v. Yellow Taxi Co. of Minneapolis,* 242 N.W.2d 77 (Minn. 1976).

Although the act of failure to return to work was an isolated incident, it was in deliberate and direct contravention of the employer's directive to return to work and the failure of Fresonke to seek additional medical leave demonstrated a lack of concern by the employee for retaining his job.

### DECISION

The record supports the determination of the Commissioner of Economic Security that relator Duane Fresonke was discharged from his employment on November 3, 1984 for reasons of misconduct and that he is disqualified from the receipt of unemployment compensation benefits pursuant to Minn.Stat. § 268.09, subd. 1(2) (Supp.1983).

Affirmed.