0433

Mary K. DeGROOT, Appellant, v. EMPLOYMENT SECURITY COMMIS-SION and Fellers and Associates, Architects and Landscape Artists, Respondents.

(328 S. E. (2d) 668)

Court of Appeals

*Deborah Weimer,* Columbia, *for appellant.*

*William H. Griffin* and *Sandra D. Bell,* Columbia, *for* respondents.

Heard Feb. 19, 1985.

Decided April 9, 1985.

SHAW, Judge:

This is an action for unemployment insurance benefits. Respondent Fellers and Associates discharged appellant Mary K. DeGroot. An Appeals Referee found DeGroot was discharged due to inability, a non-disqualifying condition. Respondent Employment Security Commission reversed, finding DeGroot was discharged for misconduct, and held she was not entitled to benefits. The circuit court affirmed. This appeal raises two question: (1) is there sufficient evidence to support the Commission's finding, and (2) did the Commis-

sion deny DeGroot due process by reviewing the case in her absence? We affirm.

S. C. Code Ann. § 1-23-380(g)(5) (1976 & Sup. 1983) ██ establishes courts can reverse or modify administrative decisions if the findings are "[c]learly erroneous in view of the ... substantial evidence on the whole record." Substantial evidence "is something less than the weight of the evidence"; it is "evidence which ... would allow reasonable minds to reach the conclusion ... the administrative agency reached." *Ellis v. Spartan Mills*, 276 S. C. 216, 277 S. E. (2d) 590, 591 (1981). *Laws v. Richland County School District No. 1*, 270 S. C. 492, 243 S. E. (2d) 192, 193 (1978). This standard of review applies to appeals from the Employment Security Commission. *Wellington v. S. C. Employment Security Commission*, 281 S. C. 115, 314 S. E. (2d) 37, 39 (Ct. App. 1984); *Todd's Ice-Cream v. S. C. Employment Security Commission*, 281 S. C. 254, 315 S. E. (2d) 373, 375 (Ct. App. 1984).

In mid-November 1981 Fellers, a small architectural firm, hired DeGroot as its secretary. DeGroot previously worked for other architects. Fellers discharged her in late March 1982. Its Vice President and Office Manager testified DeGroot was discharged for refusal to follow instructions and carelessness. He stated she made too many mistakes in typing specifications and some of her work had to be redone by a part-time secretary. However, DeGroot testified she was discharged because she was unable to keep up with the work; she stated Fellers failed to inform her of its heavy typing load when she took the job. Reviewing the case in her absence, the Commission found DeGroot had not followed specific instructions and was careless. It held her actions manifested "disregard of the behavior ... an employer can rightfully expect from an employee" and constituted misconduct.

I.

S. C. Code Ann. § 41-35-120(2) (1976 & Supp. 1983) provides, "Any insured worker shall be ineligible for [benefits if] the Commission finds ... he has been discharged for misconduct." In *Lee v. S. C. Employment Security Commission*, 277 S. C. 586, 291 S. E. (2d) 378, 379 (1982) the court held misconduct includes "disregard of the standard of behavior which an employer can rightfully expect from an employee," and "in-

tentional and substantial negligent disregard for the employee's interests, duties, and obligations."

The record contains substantial evidence to support the Commission's finding Fellers discharged DeGroot due to misconduct. She had the ability to avoid numerous typographical mistakes and work at the standard her employer could rightfully expect. Also, a part-time secretary had to redo some of DeGroot's work; in *Lee* the court held an employee who was fired because some of his work had to be redone was discharged for misconduct within the meaning of the statute. *Lee*, 291 S. E. (2d) at 379.

We hold the type of mistakes she made in not following instructions proves her intentional and substantial negligent disregard for her employer's interest.

## II.

S. C. Const. art. I, § 22 provides, "No person shall be finally bound by a judicial or quasi-judicial decision of an administrative agency affecting private rights except on due notice, and an opportunity to be heard." The Commission's Appeals Regulations accord the process and the record reflects the Commission followed it regulations. In appeals to the Appeals Tribunal the regulations provide for due notice and allow testimony to be presented and parties and witnesses to be examined and cross-examined. R 47-51, A(5), C(1). In Fellers' appeal to the Appeal Tribunal, DeGroot testified and the referee examined and cross-examined the parties and witnesses.

However, in appeals from the Appeals Tribunal to the Commission, the regulations state the hearing "shall be [held] solely upon the evidence in the record." R 47-52, B(1). In denying DeGroot's request the hearing be postponed because she was ill, the Commission did not violate her right to due process because she would not have been able to testify or introduce additional evidence.

Affirmed.

SANDERS, C. J., concurs.

BELL, J., concurs in result only.