Gerald FETHERSTON, Plaintiff,

v.

ASARCO INCORPORATED, a New Jersey corporation, Defendant.

No. CV 85–104–H–CCL.

United States District Court,
D. Montana,
Helena Division.

Aug. 4, 1986.

W. William Leaphart, C.W. Leaphart, Helena, Mont., for plaintiff.

Stephen H. Foster, James M. Ragain, Holland & Hart, Billings, Mont., for defendant.

## OPINION AND ORDER

LOVELL, District Judge.

Following a jury verdict in favor of the plaintiff, defendant moves for a new trial.

*Background*

Plaintiff filed this action in March 1985, alleging that his employment was wrongfully terminated by defendant. Plaintiff had worked at ASARCO's East Helena zinc plant since July 1972, when ASARCO purchased the plant from the Anaconda Company. Prior to ASARCO's purchase, plain-

tiff had been employed by the Anaconda Company for a number of years. Plaintiff's employment was terminated on January 7, 1985, several days after he had assaulted a fellow employee at a bar in East Helena. Both men were off work at the time of the incident.[1]

Prior to the trial, plaintiff filed a motion *in limine* and a motion for partial summary judgment, seeking *inter alia,* an order precluding defendant from raising misconduct as a reason for plaintiff's discharge. The basis for this request was a ruling by the State of Montana Department of Labor and Industry that plaintiff was not discharged for misconduct within the meaning of the unemployment disqualification statutes because plaintiff's actions did not occur on the employer's premises and did not affect the employer's business. The court ruled that the decision of the Department of Labor would not be given collateral estoppel effect and that ASARCO would be allowed to present its defenses at trial. *See Fetherston v. ASARCO,* 635 F.Supp. 1443 (D.Mont.1986).

The case was tried to a jury commencing June 2, 1986, and a special verdict was returned in plaintiff's favor, finding that defendant breached its duty of good faith and fair dealing and awarding damages in the amount of $359,347.31. Judgment was entered in accordance therewith on June 5, 1986.

Defendant asserts two grounds in support of its motion for a new trial:

(1) The Court erroneously instructed the jury that the covenant of good faith and fair dealing had arisen and that defendant owed plaintiff a duty to deal fairly and in good faith.

(2) The Court erroneously instructed the jury that the defendant must justify its allegations of misconduct.

*Timeliness*

Rule 59(b), Fed.R.Civ.P., provides that a motion for new trial must be served not later than ten days after entry of the judgment. Judgment was entered in accordance with the verdict on June 5, 1986, and ASARCO's motion was filed June 17, 1986.

Rule 6(a), Fed.R.Civ.P., was amended in 1985 to provide that when the period of time prescribed or allowed by the Federal Rules is less than 11 days, "intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." The Advisory Committee Note indicates that the amendment was intended to lessen the hardship of preparing and filing motions within as little as five working days, especially under Rule 59(b) and others under which the time period may not be enlarged at the discretion of the court.

■ Because judgment was entered on Thursday, June 5, the following days are excluded from computation of the 10–day period: Saturday, June 7; Sunday, June 8; Saturday, June 14; and Sunday, June 15. Therefore, the time limit did not expire until Thursday, June 19, and defendant's motion is timely.

■ Turning to the merits of the motion, the Court notes that defendant's grounds for new trial rest exclusively with alleged error in the charge to the jury. Prejudicial error in the instructions may warrant the granting of a new trial. *See Walker v. KFC Corp.,* 728 F.2d 1215, 1223 (9th Cir. 1984). Consideration must be given to the charge as a whole to determine whether it is misleading or incorrectly states the law to the prejudice of the objecting party. *Coursen v. A.H. Robins Co., Inc.,* 764 F.2d 1329, 1337 (9th Cir.1985).

> Taken as a whole the instructions and interrogatories must fairly present the issues to the jury.... If the issues are fairly presented, the district court has broad discretion regarding the precise wording of the instructions and interrogatories.

*Carvalho v. Raybestos-Manhattan, Inc., et al.,* 794 F.2d 454 (9th Cir.1986).

---

**1.** For the sake of brevity, the facts will not be recited in their entirety. A complete background of the case is contained in the Court's opinion of June 5, 1986, 635 F.Supp. 1443.

*Duty of Good Faith and Fair Dealing*

The first issue is whether the Court erred in making a finding that defendant owed plaintiff a duty to deal fairly and in good faith.[2]

At the time of the pretrial conference, held several days prior to trial, the Court advised counsel that it intended to rule on the threshold question of the implied covenant prior to submission of the case to the jury. In other words, if the evidence presented at trial disclosed that there were objective manifestations by ASARCO giving rise to plaintiff's reasonable belief that he had job security, the case would go to the jury on the issue of whether ASARCO had breached its duty to deal with plaintiff fairly and in good faith. Neither party raised any objection to this procedure.

The Montana Supreme Court, within the last five years, has established an appreciable body of law in the area of wrongful discharge. The watershed case of *Gates v. Life of Montana*, 196 Mont. 178, 638 P.2d 1063 (1982) (*Gates I*) established that a covenant of good faith and fair dealing may be implied in an employment contract. Reversing summary judgment for the employer, the court in *Gates I* held as a matter of law that the covenant was implied in the employment contract of the plaintiff, and that therefore a genuine issue of material fact existed as to whether the employer had breached that covenant. *Gates I*, 638 P.2d at 1067.

Following *Gates I*, further developments in the "good faith" arena issued from the Montana Court. The court clarified that it did not intend that the covenant be implied in *every* employment relationship, but only where "objective manifestations by the employer giv[e] rise to the employee's reason-

able belief that he or she has job security and will be treated fairly." *Dare v. Montana Petroleum Marketing Co.,* — Mont. ——, 687 P.2d 1015, 1020 (1984). The court then extended the duty of good faith and fair dealing to probationary employment relationships subject to "at will" termination under section 39-2-503, Mont. Code Ann. *Crenshaw v. Bozeman Deaconess Hospital,* — Mont. ——, 693 P.2d 487 (1984). Most recently, the court held that longevity of service is a strong factor supporting the existence of the covenant in an employment relationship. *Flanigan v. Prudential Savings & Loan Assoc.,* — Mont. ——, 720 P.2d 257, 43 St.Rptr. 941 (1986).

ASARCO argues that language in *Dare, supra,* suggests that the existence of the covenant of good faith is an issue of fact which must be decided by the jury. It is ASARCO's position that the following excerpt from the opinion supports this conclusion:

> Contrary to the employer's contentions, there are remaining genuine issues of fact material to Dare's claim for breach of the implied covenant of good faith and fair dealing. Dare has alleged that she was given a pay raise ... [and] that she was told she was doing a good job.... The employer denies that Dare had any basis to believe that she had job security.
>
> The existence of this issue of material fact precludes summary judgment. Further, if the covenant is implied in this case, there remain material fact issues regarding whether Dare's employer breached the covenant in the context of this case.

*Dare,* 687 P.2d at 1020.

Short of the above language, the Montana Supreme Court has never expressly

2. The Court instructed the jury as follows:

You are instructed that there is in this employment relationship a duty to deal fairly which exists separate and apart from, and in addition to, any terms agreed to by the parties. This is called the implied covenant of good faith and fair dealing. Breach of this duty renders the employer liable to the employee for damages.

While Montana law provides that employment having no specific duration may be termi-

nated at the will of either party, without cause, on notice to the other, once the covenant of good faith and fair dealing has arisen—as it has here—the termination must be for valid business reasons.

You are instructed that defendant ASARCO owed plaintiff Gerry Fetherston a duty of good faith and fair dealing during his employment and at the time of his termination.

addressed the particular issue with which the Court is now confronted. ASARCO's argument that *Dare* suggests that the existence of the covenant is an issue for the jury has an element of merit; the language used could be subject to that interpretation. Since *Dare,* however, the Supreme Court of Montana has implicitly approved the procedure applied by the Court in this case.

In *Crenshaw, supra,* the appellant challenged an instruction given by the trial court which instructed the jury that even as a probationary employee the plaintiff was owed a duty of good faith and fair dealing.[3]

The trial court did not allow the jury to make an independent determination of whether the duty was owed and then whether, if owed, the duty was breached. On appeal, the court held that the instruction was a proper statement of the law. *Id.,* 693 P.2d at 491–92. To reach this ruling, the court found certain testimony from the record demonstrated objective manifestations by the Hospital giving rise to plaintiff's belief that she had job security. *Id.* at 491.

Although the precise issue of whether the existence of the covenant should be determined by the jury was not addressed, the approval of the challenged instruction implies that this threshold question is one for the trial court. The opinion intimates that the trial judge must determine, at the close of the evidence, whether the evidence is sufficient for the question of breach to go to the jury. If it is not, a defense motion for directed verdict is appropriate. If the evidence is sufficient, the jury must be instructed as to the nature and extent of the duty owed so that the parameters are established by which to measure a breach.

This conclusion is supported by the decision in *Flanigan v. Prudential Savings &*

*Loan, supra,* in which the court upheld a $1,494,000 verdict in favor of a discharged bank employee. The court therein approved the trial court's submission to the jury of the issue of breach of the implied covenant.

> Respondent's 28 years of employment by Prudential gave her a secure and objective basis for believing that, if her work was satisfactorily performed, her employment would continue. From the evidence presented, the jury could have found that appellants had no fair and honest cause for discharge and, in fact, had ulterior motives.

*Flanigan,* 720 P.2d 257, 43 St.Rptr. at 947. The court gave no indication that the existence of the covenant is a matter for the jury in the first instance. Rather, it agreed with the district court that the covenant indeed was in existence. The principal factor being plaintiff's longevity of service, the court held: "The covenant, in a long-term employment situation, only requires the employer to have a fair and honest reason for termination." *Id.*

Based upon the developments in Montana wrongful discharge law, this Court believes that the Montana Supreme Court would adopt the procedure utilized in this case and would hold, as the Court does here, that the issue of whether there is a duty of good faith and fair dealing is a matter for the Court to determine after submission of all the evidence at trial. Until the Montana Court gives some contrary indication, this Court's practice will remain the same.

### Misconduct of the Employee

ASARCO next contends that the Court erred in instructing the jury on the issue of plaintiff's misconduct.[4] ASARCO claims

---

3. The challenged instruction read as follows:
   Instruction 14. You are instructed that Bozeman Deaconess Hospital, ... may classify certain of its employees as probationary employees and these employees may be discharged if they do not measure up to the Hospital standards during the probationary period. However, even these employees are owed a duty of good faith and fair dealing and the Hospital

   must comply with its written policies concerning these employees.
   *See Crenshaw,* 693 P.2d at 490.

4. The following instruction was given:
   In this case, Defendant claims that Plaintiff was discharged because of inadequate performance of duties and for violation of company rules. In order to justify a finding of

this instruction was error for two reasons: first, it improperly shifted the burden of proof to the defendant; and second, the test for misconduct given by the Court was more stringent than the appropriate test under Montana law.

■ Placing the burden of proof on the wrong party in a civil action generally constitutes reversible error for which a new trial will be granted. *Carvalho v. Raybestos-Manhattan, Inc., supra,* at 456. The burden of proof affects all aspects of the jury's verdict and it is impossible to determine whether the erroneous burden of proof was outcome determinative. *Id.*

Consistent with the Court's customary practice, the interrogatories on the special verdict form given to the jury indicated which party had the burden of proof. Interrogatory Number 1, by which the jury found that ASARCO breached its duty of good faith and fair dealing, indicated that plaintiff had the burden of proof. The Court also gave a standard instruction on burden of proof.[5] Defendant nonetheless contends that the Court's instruction on misconduct erroneously led the jury to believe that ASARCO had the burden of proving that plaintiff's discharge was not wrongful.

The pretrial order filed in this case contained the contentions to be asserted by each party at trial. Listed among ASARCO's contentions was that plaintiff's assault upon David Duel in the East Helena bar was in retaliation for Duel's actions in reporting plaintiff's violation of company rules in August 1984. Defendant thus contended that plaintiff was discharged "[b]ecause of the nature of the assault upon Mr. Duel, the fact that it was work related, and [ASARCO's] interest in controlling its work force." Pretrial Order at

6. This contention is essentially the same as that asserted by ASARCO before the Department of Labor to show that plaintiff was discharged for misconduct, and the same defense that the Court previously ruled ASARCO would be entitled to present. ASARCO apparently requests this Court to rule that it did not have the burden of proving this allegation but that plaintiff had the burden of disproving it.

Prior to *Gates I* and its progeny, aggrieved employees could sue their former employers under more limited theories, namely that of implied contract. In *Ameline v. Pack & Company,* 175 Mont. 301, 485 P.2d 689 (1971), a discharged employee sued under an implied contract theory seeking contract damages for his termination. The defendant's responsive pleading merely denied the allegation of a one-year contract and stated that all payments due had been paid. At the time of trial, the defendant introduced evidence of drinking, hangovers, and other matters in an effort to establish cause for the discharge. Even though no affirmative defense of "justification" had been raised, the court held that "[t]he defendant had the burden of proof to establish the cause for discharge, if any there was...." *Id.,* 485 P.2d at 691.

The *Ameline* decision is consistent with the general rule that discharge for cause is a defense to a claim for wrongful discharge of an employee whose contract is for a definite term, and the burden is on the employer to prove justification of the discharge. *Chapin v. Klein,* 128 Ariz. 94, 623 P.2d 1250 (1981); *Rosecrans v. Intermountain Soap & Chemical Co., Inc.,* 100 Idaho 785, 605 P.2d 963 (1980). A similar rule has been applied to the tort of wrongful discharge. *Thompson v. St. Regis Paper*

---

misconduct, it must be shown that the matter was within the employee's control and that the behavior had a direct adverse effect on the employer's business interests. The employer's interests are, for example, goodwill of its customers, its reputation, business costs and efficiency, morale of other employees, honesty, trust and loyalty.

**5.** The instruction read:

A party who has the burden of proof as to an issue must prove the truth of his contentions by the preponderance (that is, by the greater weight) of the evidence, and if he fails to do that, then the verdict should go against him as to that issue. If, in your minds, the evidence is evenly balanced as to an issue, then the issue should be decided against the party who has the burden of proof as to it.

*Co.*, 102 Wash.2d 219, 685 P.2d 1081, 1089 (1984) (once the employee shows that his discharge may have been motivated by reasons that contravene a clear mandate of public policy, the burden shifts to the employer to prove that the dismissal was for reasons other than those alleged by the employee).

This case involves neither a contract for a specified term nor allegations regarding violation of public policy. Certainly, however, the principle is the same. Defendant is under no obligation to raise defenses to the plaintiff's charge. Plaintiff has the burden of proving first, that a covenant of good faith and fair dealing was implied in his employment relationship, and second, that the covenant was breached. Once the Court rules, as it did in this case, that the covenant has arisen, plaintiff must prove a prima facie case of breach. The defendant must then come forward with evidence to establish that it had valid reasons for terminating plaintiff's employment. Where the defendant chooses to raise the issue that plaintiff was discharged for misconduct, defendant must be prepared to come forward with facts proving such a defense, rather than expecting plaintiff to disprove it. While there is no Montana law specifically addressing this point, I believe the Montana Court would adopt this reasoning.

ASARCO is correct in its argument that the burden of proof cannot shift to the defendant absent the assertion of an affirmative defense. As the Court instructed the jury, plaintiff bears the burden of proving the elements of his claim by a preponderance of the evidence. Once the plaintiff has established a prima facie case, however, defendant has the burden of coming forward with evidence to rebut plaintiff's claims, and it is this evidence to which the challenged instruction was directed.

Finally, defendant asserts that the test for misconduct used in the subject instruction misstated the law of Montana.[6]

Cited in support of this position is *Gaunce v. Board of Labor Appeals*, 164 Mont. 445, 524 P.2d 1108 (1974). The court in *Gaunce* utilized the definition of misconduct agreed upon by the parties to be as follows:

> (1) A deliberate, willful, or wanton disregard of an employer's interest or of the standards of behavior which he has a right to expect of his employee, or
>
> (2) Carelessness or negligence of such a degree or recurrence as to manifest equal culpability, wrongful intent, or evil design.

*Gaunce*, 524 P.2d at 1110. The court stated that the above definition would be applied in conjunction with the predecessor to section 39–51–2303, Mont.Code Ann., which restricts unemployment benefits to an individual who has been discharged for "misconduct *connected with* his work or *affecting* his employment" (emphasis added). Thus, contrary to defendant's argument, the cited definition of misconduct was not the exclusive test to be applied. Rather, it must be used in the conjunctive with the remainder of section 39–51–2303, Mont. Code Ann. As such, it is substantively similar to the test given by the Court.

Moreover, defendant asserts that the instruction given by the Court may be appropriate in the unemployment insurance context, but not in a wrongful discharge jury trial. However, the test now proposed by defendant as proper was also used in the context of unemployment benefits. The instruction given by the Court merely reflects the *current* test being employed by the Department of Labor (which appears to have been revised in 1984), rather than a test applied once by the Montana Supreme Court where the definition itself was not even at issue.

The only authority on point which the Court has been able to discern seems in conformity with the instruction given in this case. *See McIntyre v. Fort Vancouver Plywood Co., Inc.*, 24 Wash.App. 120, 600 P.2d 619, 625 (1979); *Conway, Inc. v. Ross*, 627 P.2d 1029, 1030–32 (Alaska 1981).

---

**6.** Based upon the record, the Court finds that defendant's objection to this instruction suffi-ciently preserved this argument as a ground for new trial.

The Court's position finds further support from Professor Corbin:

> Fraudulent or other immoral action by the servant in his relations with third persons will justify his discharge only in case such conduct also affects the value of the performance that is due the master.

3A A. Corbin, *Corbin on Contracts* § 681 at 219 (1960).

Although the language used in the Court's instruction may have differed slightly from language used by other courts, the Court believes that the issues were fairly presented to the jury in all respects.

Therefore, it is ORDERED that defendant's motion for new trial is DENIED, each party to bear his or its own costs.