THIS
 OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Parham, Smith
 & Dodson, LLC, Appellant,
 
 
 

v.

 
 
 
 South Carolina
 Department of Employment and Workforce, Respondent.
 
 
 

Appeal from the Administrative Law Court
 Shirley C. Robinson, Administrative Law
Court Judge

Unpublished Opinion No. 2012-UP-283 
 Submitted April 2, 2012 - Filed May 9,
2012

AFFIRMED

 
 
 
 Robert W. Jones, of Greenville, for
 Appellant.
 E. B. McLeod, III, of Columbia, for
 Respondent.
 
 
 

PER CURIAM: Parham, Smith
 & Dodson, LLC appeals the administrative law court's (ALC) order affirming
 the order of the Appellate Panel (Appellate Panel) of the South Carolina
 Department of Employment and Workforce (the Department) granting Judy Johnson
 full unemployment benefits. On appeal, Employer argues the Appellate Panel
 erred in finding Employee was not discharged with cause. Because substantial evidence exists in the record to
 support the ALC's decision, we affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: S.C. Code Ann. § 1-23-610(B)(d)-(e) (Supp. 2011)
 (providing this court may affirm the Appellate Panel's decision if substantial evidence supports it and the decision is
 not affected by an error of law); McEachern v. S.C. Emp't Sec. Comm'n,
 370 S.C. 553, 557, 635 S.E.2d 644, 647 (Ct. App. 2006) ("Substantial
 evidence is evidence which, considering the record as a whole, would allow
 reasonable minds to reach the conclusion that the administrative agency
 reached. It is more than a mere scintilla of evidence, but is something less
 than the weight of the evidence." (footnotes omitted)); S.C. Code Ann. §
 41-35-120(2) (Supp. 2011) (providing an unemployed insured worker is ineligible
 for benefits when the worker is discharged for cause connected with the
 employment); Lee v. S.C. Emp't Sec. Comm'n, 277 S.C. 586, 588, 291
 S.E.2d 378, 379 (1982) (holding discharge for cause includes the following
 circumstances "(1) the wanton and wilful disregard of the employer's
 interests; (2) the deliberate violation of rules; (3) the disregard of the
 standard of behavior which an employer can rightfully expect from an employee;
 or (4) intentional and substantial negligent disregard for the employee's
 interests, duties or obligations").
AFFIRMED.
WILLIAMS,
 THOMAS, and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.