**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Marcus Wider, Respondent,

v.

South Carolina Department of Employment and Workforce, and K B Enterprises, Inc., Defendants,

Of whom South Carolina Department of Employment and Workforce is the Appellant.

Appellate Case No. 2013-000677

———————

Appeal from the Administrative Law Court
Deborah Brooks Durden, Administrative Law Judge

———————

Unpublished Opinion No. 2014-UP-166
Heard March 11, 2014 – Filed April 9, 2014

———————

**AFFIRMED**

———————

Eugene Belton McLeod, III, of the South Carolina Department of Employment and Workforce, of Columbia, for Appellant.

Kirby Rakes Mitchell, of South Carolina Legal Services, of Greenville, and Jack E. Cohoon, of South Carolina Legal Services, of Columbia, for Respondent.

**PER CURIAM:** The South Carolina Department of Employment and Workforce (the Department) appeals the order of the Administrative Law Court (ALC) reversing the decision of the Department's Appellate Panel, which disqualified Marcus Wider from receiving unemployment benefits for a period of twenty weeks on the ground that he was discharged for misconduct from his employment. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the ALC erred in finding the Appellate Panel's decision was unsupported by substantial evidence: S.C. Code Ann. § 41-35-120(2) (Supp. 2011)[1] (providing an insured worker is ineligible for unemployment benefits for a period between five and twenty-six weeks if the Department finds the worker "has been discharged for cause connected with his most recent work"); S.C. Code Ann. § 1-23-380(5)(e) (Supp. 2013) (stating the ALC "may reverse or modify the decision [of the Department] if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: . . . (e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record."); *cf. Lee v. S.C. Emp't Sec. Comm'n*, 277 S.C. 586, 589, 291 S.E.2d 378, 379 (1982) (affirming a worker's disqualification for benefits because the record showed the worker was discharged for cause, i.e., the direct consequences of the worker's acts or omissions led to his discharge).

2.  As to whether the ALC erred in failing to remand the proceedings to the Department for further findings: S.C. Code Ann. § 1-23-380(5)(e) (Supp. 2013) (providing for reversal when the Department's decision is "(e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record"); *Shealy v. Algernon Blair, Inc.*, 250 S.C. 106, 110, 156 S.E.2d 646, 648 (1967) ("[I]t is proper to remand a case to [the state agency] for required findings where the record *contains evidence* from which such findings may be made." (emphasis added)). *Compare id.* (finding reversal of a state agency decision necessary, and remand "futile" when the agency's decision was without support in the evidence) *with Baldwin v. James River Corp.*, 304 S.C. 485, 487, 405 S.E.2d 421, 422 (Ct. App. 1991) (determining

---

[1] Section 41-35-120 has since been amended. We are applying the version in effect when Wider filed his unemployment benefits claim.

that although the agency's findings were conclusory, reversal was improper and the intermediate court should have remanded the case to the state agency for more definite findings of fact because there were material facts at issue *in the record*).

**AFFIRMED.**

**FEW, C.J., and SHORT and GEATHERS, JJ., concur.**