**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Billie D. Mueller, Appellant,

v.

South Carolina Department of Employment and Workforce, and Ebtron, Inc., Respondents.

Appellate Case No. 2014-002489

Appeal From The Administrative Law Court
Ralph King Anderson, III, Administrative Law Judge

Unpublished Opinion No. 2017-UP-334
Heard June 1, 2017 – Filed August 2, 2017

**AFFIRMED**

Billie D. Mueller, of Davis Station, pro se.

Kristine Louise Cato, of Blair Cato Pickren Casterline, LLC, of Columbia, for Respondent Ebtron, Inc.

Sandra Bell Grooms, of The South Carolina Department of Employment and Workforce, of Columbia, for Respondent South Carolina Department of Employment and Workforce.

**PER CURIAM:**  Billie D. Mueller appeals the South Carolina Administrative Law Court's (ALC) order, finding Mueller was ineligible for unemployment benefits because she was terminated from her employment with Ebtron, Inc. (Ebtron) for misconduct.  On appeal, Mueller argues the ALC erred in (1) finding her actions constituted misconduct under section 41-35-120 of the South Carolina Code (Supp. 2016), (2) finding she willfully failed to perform her job duties, and (3) allowing Greg McBride's testimony and his submission of the request for information.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to issues 1 and 2: *Risher v. S.C. Dep't of Health & Envtl. Control*, 393 S.C. 198, 204, 712 S.E.2d 428, 431 (2011) ("A decision of the ALC should be upheld . . . if it is supported by substantial evidence in the record."); *Kiawah Dev. Partners, II v. S.C. Dep't of Health & Envtl. Control*, 411 S.C. 16, 28, 766 S.E.2d 707, 715 (2014) ("In determining whether the ALC's decision was supported by substantial evidence, the [c]ourt need only find, looking at the entire record on appeal, evidence from which reasonable minds could reach the same conclusion as the ALC."); § 41-35-120(2)(a) (providing an insured worker is ineligible for benefits if the worker is discharged for misconduct connected with the worker's employment); *id.* ("'[M]isconduct' is limited to conduct evincing such wilfull and wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in the carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent, or evil design, or to show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to his employer."); *Mickens v. Southland Exch.-Joint Venture*, 305 S.C. 127, 130, 406 S.E.2d 363, 365 (1991) ("[W]e interpreted the phrase 'discharge for misconduct' to include 'the disregard of the standard of behavior which an employer can *rightfully expect* from an employee.'" (emphasis by court) (footnote omitted) (quoting *Lee v. S.C. Emp't Sec. Comm'n*, 277 S.C. 586, 588, 291 S.E.2d 378, 379 (1982))); *id.* ("[T]he general rule is that, where the employer's request is *reasonable,* a refusal to comply will constitute misconduct, justifying a discharge for cause."); *DeGroot v. Emp't Sec. Comm'n*, 285 S.C. 209, 212, 328 S.E.2d 668, 670 (Ct. App. 1985) (finding substantial evidence supported the Employment Security Commission's finding an employee was discharged due to misconduct because the employee had the ability to avoid numerous typographical mistakes and work at the standard her employer could rightfully expect).

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

2. As to issue 3: *Brown v. S.C. Dep't of Health & Envtl. Control*, 348 S.C. 507, 519, 560 S.E.2d 410, 417 (2002) (finding issues not raised to and ruled on by the ALC are not preserved for appellate review).[2]

**AFFIRMED.**

**SHORT, WILLIAMS, and KONDUROS, JJ., concur.**

---

[2] We also find Mueller's arguments she was not given Exhibits One and Two or a copy of the "telephone hearing regulations" are unpreserved because these issues were not raised to or ruled on by the hearing officer, Appellate Panel, or ALC. *See Brown*, 348 S.C. at 519, 560 S.E.2d at 417 (finding issues not raised to and ruled on by the ALC are not preserved for appellate review).